IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DR. WILLIAM M. TURNER,

    Plaintiff,

v.                                                                                                No. 1:15-cv-00339 RB/LF

MIDDLE RIO GRANDE CONSERVANCY DISTRICT;
SUBASH SHAH, Former Executive Director of the Middle Rio Grande Conservancy District (MRGCD) and former Chief Engineer and former Chairman of the New Mexico Board of Licensure for Professional Engineers and Professional Land Surveyors;
DENNIS DOMRZALSKI, Former MRGCD Public Information Officer;
JOHN DOES, Members or Former Members of the MRGCD;
MARY SMITH, New Mexico Assistant Attorney General;
JOHN DOES, Members or Former Members of the New
Mexico Board of Licensure for Professional Engineers and Land Surveyors;
EDUARD YTUARTE, Former Executive Director, New Mexico Board of Licensure for Professional Engineers and Land Surveyors;
JOHN T. ROMERO, Former Chair of the Engineering Committee, New Mexico Board of Licensure for Professional Engineers and Land Surveyors;
and JOHN DOES, of KOB Channel 4 News of Albuquerque;
and KOB-TV,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came before the Court upon Defendant KOB-TV, LLC's Motion to Set Aside Entry of Default. (Doc. 31.) Defendant KOB-TV, LLC requests that the Court set aside the Clerk's Entry of Default and award Defendant KOB-TV, LLC attorneys' fees and costs as sanctions. (*Id.*) Plaintiff does not oppose setting aside the Entry of Default, but does oppose Defendant KOB-TV, LLC's request for attorneys' fees and costs. (Doc. 34.) Having considered the submissions of counsel and relevant law, the Court will **GRANT** the motion.

**I.      Background**

Plaintiff filed suit in this Court on April 23, 2015.  (Doc. 1.)  In his First Amended Verified Complaint to Recover Damages Due to Deprivations of Civil Rights/Violations of the United States and New Mexico Constitutions, Civil Conspiracy, and for Common Law Torts ("Amended Complaint"), Plaintiff states that he "brings this action to recover damages for violations of his civil rights pursuant to 42 U.S.C. [§] 1983 and 42 U.S.C. [§] 1985, freedom of speech guaranteed under the First Amendment of the United States Constitution, and Article II, Section 17 of the New Mexico Constitution, equal protection of the laws guaranteed by the Fourteenth Amendment of the United States Constitution, violation of the Fifth Amendment to the United States Constitution and the New Mexico Tort Claims Act."  (Doc. 3.)

Plaintiff alleges that in June 2005 he was elected to a four-year term on the Board of Directors of the Middle Rio Grande Conservancy District.  (Doc. 3.)  According to Plaintiff, during his campaign and term, Plaintiff sought to expose and correct acts of malfeasance perpetrated by the Executive Director of the Middle Rio Grande Conservancy District and supported by the Board of Directors of the Middle Rio Grande Conservancy District.  (*Id.*)  Plaintiff alleges that Defendants prevented Plaintiff from disclosing malfeasance and violated his First Amendment right to free speech.  (*Id.*)  According to Plaintiff, the actions of Defendants constituted slander, defamation, and discrimination in violation of the Fourteenth Amendment.  (*Id.*)  Plaintiff also alleges that Defendants maliciously prosecuted Plaintiff and violated his rights under the First, Fifth, and Fourteenth Amendments "in a coordinated effort to silence his criticisms and prevent public disclosure of the illegal activity conducted by the Middle Rio Grande Conservancy District."  (*Id.*)

More specifically with respect to Defendant KOB-TV, LLC, Plaintiff alleges that Defendant Shah and Defendant Domrzalski issued a press release that compared Plaintiff to Hitler. (Doc. 3.) According to Plaintiff, Defendant KOB-TV, LLC used the press release to create a news story with pictures of Plaintiff and Hitler. (*Id.*) Plaintiff alleges that Defendant KOB-TV, LLC broadcast the news story on May 15 and 16, 2007. (*Id.*)

Plaintiff alleges that Defendant KOB-TV, LLC published defamatory content and images and that Plaintiff was harmed as a result of Defendants' defamation and slander. (*Id.*) Plaintiff entitles his third cause of action as "Violation of Equal Protection and Discrimination by Defendants Shah, Domrzalski and John Does of KOB Channel 4" and his seventh cause of action as "New Mexico Tort Claims Act and Comon [sic] Law Torts of Defamation and Slander by Defendants Shah, Domrzalski, and John Doe of KOAT." (*Id.*) In the Amended Complaint, Plaintiff refers to Defendant KOB-TV, LLC as "KOB Channel 4, "KOB Channel 4 of Albuquerque," and "KOAT." (*Id.*)

The corporate name of Defendant KOB-TV, LLC is "KOB-TV, LLC" as reflected in the public records of the New Mexico Secretary of State. (Defendant's Exhibit A, Doc. 31-1.) The public records of the New Mexico Secretary of State specify that the registered agent of Defendant KOB-TV, LLC is CT Corporation System, 123 East Marcy, Santa Fe, NM 87501. (*Id.*)

On May 15, 2015, Plaintiff obtained three Summonses from the Clerk. (Docs. 10, 11, and 12.) One Summons was issued to "John Does KOB Channel 4 News of Albuquerque, c/o CT Corporation System, 123 East Marcy, Santa Fe, NM 87501." (Doc. 10.) This Summons with a completed Proof of Service was filed on June 5, 2015. (*Id.*) The Proof of Service on the Summons states that Jonene Chavez personally served the summons on "KOB Channel 4 News

for John Does c/o Lilia Trejo receptionist on 5/29/15 at 12:48 p.m." (*Id.*)  Jonene Chavez listed her address as "1801 Rio Grande Rd NW Suite C, Albuq. NM 87104," which is the address of Plaintiff's counsel.  (*Id.*)  Under the heading "Additional information regarding attempted service" the Proof of Service states "Encluded [sic] with service of the Complaint and Summons of a Copy of the Magistrate Designation dated April 24, 2015." (*Id.*)

A second Summons was issued to "KOB Channel 4 News of Albuquerque, c/o CT Corporation System, 123 East Marcy, Santa Fe, NM 87501."  (Doc. 11.)  This Summons was filed on June 5, 2015 with a blank Proof of Service. (*Id.*)

A third Summons was issued to "KOB Channel 4 News of Albuquerque, c/o CT Corporation System, 123 East Marcy, Santa Fe, NM 87501."  (Doc. 12.)  This Summons with a completed Proof of Service was filed on June 8, 2015.  (*Id.*)  The Proof of Service states that the Summons was issued to "KOB Channel 4 News c/o CT Corporation System" and Jonene Chavez personally served the summons on "KOB Channel 4 News c/o Lilia Trejo receptionist on 5/29/15 at 12:58 p.m." (*Id.*)  Jonene Chavez listed her address as "1801 Rio Grande Rd NW Suite C, Albuq. NM 87104." (*Id.*)

CT Corporation System received a Summons issued to KOB Channel 4 News of Albuquerque.[1]  (Affidavit of Tracie Hollywood, Def. Exhibit B, Doc. 31-2.)  CT Corporation System searched its records and confirmed that KOB Channel 4 News of Albuquerque was not registered with the New Mexico Secretary of State or CT Corporation System.  (*Id.*)  On May 26, 2015, CT Corporation System returned the documents to Plaintiff's attorneys with letters dated May 22, 2015 explaining that KOB Channel 4 News of Albuquerque "is not listed in [CT

---

[1] At the time the Motion to Set Aside Entry of Default was filed, Plaintiff had not filed the Summons and Proof of Service that was received by CT Corporation System.  Plaintiff attached a copy of this Summons and Proof of Service to its response.  (Doc. 34-1.)  Plaintiff has not filed this Summons and completed Proof of Service except as an attachment to its response.  Plaintiff may have filed this Summons with a blank Proof of Service as Document 11.

Corporation System's] records or on the records of the State of NM." (*Id*.) The letters also stated that CT Corporation System "was unable to forward." (*Id*.)

Defendant KOB-TV, LLC operates a news station in Albuquerque and multiple sites throughout New Mexico. (Affidavit of Mike Burgess, Vice President and General Manager of KOB-TV, LLC, Def. Ex. C, Doc. 31-3.) Lilia Trejo is a receptionist at the Albuquerque news station. (*Id.*) Ms. Trejo is not a manager, officer, or authorized agent for Defendant KOB-TV, LLC. (*Id.*) Ms. Trejo is not authorized to accept service on behalf of Defendant KOB-TV, LLC. (*Id.*) Defendant KOB-TV, LLC does not have any record that it was served with process in this lawsuit. (*Id.*) Defendant KOB-TV, LLC was unaware of the lawsuit until defense counsel notified Defendant KOB-TV, LLC that the Court had entered default. (*Id.*)

On September 14, 2015, Plaintiffs filed an Application for Entry of Default as to Defendants Mary Smith, John T. Romero, and KOB TV. (Doc. 19.) Therein, Plaintiff stated that "KOB TV was served with the Complaint on May 29, 2015. Ex. 1, para. 3. As of the date of this filing, 108 days have passed without Defendant KOB TV answering the complaint." (*Id*.)

Plaintiff supported the Application for Entry of Default with the "Affidavit of Service" of Tammy Pelletier, a paralegal with the law firm of Plaintiff's counsel. (Doc. 19-1.) Therein, Ms. Pelletier stated that the law firm "contracted with several different process servers to serve Defendant Mary Smith, Defendant John T. Romero, and KOB TV." (*Id*.) Additionally, Ms. Pelletier stated that "Defendant KOB TV was served by Jonene Chavez with the summons and complaint on May 29, 2015." (*Id*.)

On September 17, 2015, the Clerk issued an Entry of Default as to Defendant Mary Smith/New Mexico Assistant Attorney General, John T. Romero/Former Chair of the

Engineering Committee, New Mexico Board of Licensure for Professional Engineers and Land Surveyors and KOB-TV.[2]  (Doc. 25.)

After learning of the Entry of Default, counsel for Defendant KOB-TV, LLC ("defense counsel") contacted Plaintiff's counsel and requested that Plaintiff agree to set aside the Entry of Default.  (Doc. 31-4.)  Plaintiff's counsel requested that defense counsel "put any factual issues regarding default in writing so that we could look into it and address your concerns."  (*Id.*)

On September 29, 2015, defense counsel sent an e-mail message to Plaintiff's counsel repeating the request that Plaintiff agree to set aside the Entry of Default as to Defendant KOB-TV, LLC.  (Doc. 31-4.)  Defense counsel reiterated that (1) CT Corporation System was the registered agent of Defendant KOB-TV, LLC, (2) CT Corporation System had not been served, and (3) Ms. Trejo was not authorized to accept service on behalf of Defendant KOB-TV, LLC.  (*Id.*)  Defense counsel elaborated that the Affidavit of Service was defective because Ms. Pelletier lacked the personal knowledge required to submit a sworn affidavit to the Court.  (*Id.*)  Defense counsel predicted that the Entry of Default would be set aside because Plaintiff did not properly serve Defendant KOB-TV, LLC.  (Doc. 31-4.)

Notably, in the September 29, 2015 e-mail message, defense counsel stated that, if necessary, Defendant KOB-TV, LLC would file a motion to set aside the entry of default with supporting affidavits.  (Doc. 31-4.)  Defense counsel warned that, if such a course proved to be necessary, Defendant KOB-TV, LLC would seek costs and sanctions.  (*Id.*)  Specifically, defense counsel stated "[t]o avoid wasting the resources of the Court and the parties, I am writing to again request that you agree to please correct this clear error by stipulating to set aside/vacate the entry of default as to KOB."  (*Id.*)  Defense counsel also inquired whether one of Plaintiff's

---

[2]  On January 5, 2016, the Court issued a stipulated order setting aside the Entry of Default as to Defendants Mary Smith and John T. Romero.  (Doc. 45.)

attorneys, Dori Ellen Richards, is licensed to practice law in New Mexico because her name does not appear in the bar directory.[3] (*Id.*)

On September 29, 2015, Ms. Richards sent an e-mail message to defense counsel stating she would look into the information, but she was unable to respond until the following week. (Doc. 31-4.) Ms. Richards advised defense counsel that Jonene Chavez did not work directly for her law firm. (*Id.*) Additionally, Ms. Richards stated her belief that "the court deserves – in the interests of judicial economy – careful review and consideration of your newly supported facts before rushing in haste without sufficient opportunity to review your factual statements." (*Id.*)

On September 29, 2015, defense counsel sent an e-mail message to Plaintiff's counsel asking whether Plaintiff would agree to set aside the Entry of Default by October 1, 2015, and stating Defendant KOB-TV, LLC would otherwise proceed after that date. (Doc. 31-4.) Plaintiff's counsel did not respond.

On October 6, 2015, Defendant KOB-TV, LLC filed the Motion to Set Aside Entry of Default. (Doc. 31.) Defendant KOB-TV, LLC requests that the Court (1) set aside the Entry of Default; (2) award Defendant KOB-TV, LLC reasonable attorneys' fees and costs for having to file the motion; and (3) sanction Plaintiff for filing misleading affidavits of service and improperly seeking default. (*Id.*)

On October 23, 2015, Plaintiff filed a Response to the Motion to Set Aside Entry of Default and Notice of Non-Objection. (Doc. 34.) Plaintiff attached a Summons and completed Proof of Service that had not been filed previously and has not been filed except as an exhibit to Plaintiff's response. (Doc. 34-1.) The Proof of Service states that the Summons was issued to "KOB Channel 4 News c/o CT Corporation System" and Manuel Maestas served the summons

---

[3] Dori Ellen Richards is authorized to practice in the United States District Court for the District of New Mexico with Bar ID 15-14.

on "Roland N. Atencio (Agent w/CT Corporation System designated to accept service of process on behalf of KOB Channel 4 News of Albuquerque, 123 E. Marcy St., Ste 201, Santa Fe, NM 87501 on May 22, 2015." (*Id.*)  In his response, Plaintiff inaccurately states that "Roland N. Atencio of CT Corporation accepted service on behalf of Defendant."  (Doc. 34 at 3.)  This statement is simply not true because (1) the Summons was issued to "KOB Channel 4 News" rather than Defendant KOB-TV, LLC; and (2) the documents were returned to Plaintiff's counsel by CT Corporation System with letters explaining Plaintiff's error on May 25, 2015.  Nonetheless, Plaintiff does not object to setting aside the Entry of Default.  However, Plaintiff states that he filed the response "primarily to correct factual misleads [sic] /inaccuracies contained or stemming from Defendant's Motion, artifice used in an effort to impact Plaintiff's Counsel, and oppose all relief sought outside the setting aside the Entry of Default." (*Id.*)

Defendant KOB-TV, LLC filed a reply requesting that the Court set aside the Entry of Default, award Defendant KOB-TV, LLC reasonable attorneys' fees and costs, consider further sanctions against Plaintiff, and review the entries of default as to other parties.[4]

## II.   Standard

The Court may set aside an entry of default for good cause.  *See* Fed. R. Civ. P. 55(c). The good cause standard is a less demanding standard than the excusable neglect which must be shown for relief from judgment under Federal Rule of Civil Procedure 60(b).  *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 775 n.6 (10th Cir. 1997).  The good cause standard is fairly liberal because "the preferred disposition of any case is upon its merits and not by default judgment."  *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970).

---

[4] The Court need not review the Entry of Default as to other parties because the Court issued a stipulated order setting aside the Entry of Default against the other parties.  (Doc. 45.)

When determining whether to vacate a clerk's entry of default, the court may consider the following factors: (1) whether the defendant's culpable conduct led to the default; (2) whether plaintiff will be prejudiced by setting aside the entry of default; and (3) whether defendant has a meritorious defense. *Gilmore v. Carlson*, 72 Fed. App'x 798, 801 (10th Cir. 2003). The decision to set aside an entry of default lies within the discretion of the Court. *Ashby v. McKenna*, 331 F.3d 1148, 1152 (10th Cir. 2003).

### III. Discussion

Defendant KOB-TV, LLC has shown good cause to set aside the Entry of Default. "Effectuation of service is a precondition to suit." *Jenkins v. City of Topeka*, 136 F.3d 1274, 1275 (10th Cir. 1998). The burden of establishing the validity of service is on the plaintiff. *See Fed. Deposit Ins. Corp. v. Oaklawn Apts.*, 959 F.2d 170, 174 (10th Cir. 1992). Plaintiff has not established the validity of service.

Under the Federal Rules of Civil Procedure, service of process upon a corporation may be effected "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service or process and – if the agent is one authorized by statute to receive service and the statute so requires – by also mailing a copy of each to the defendant . . . ." Fed. R. Civ. P. 4(h)(1)(B). Rule 4(h)(1)(A) also provides that service may be effected by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located. *See* Fed. R. Civ. P. 4(h)(1)(A) (citing Rule 4(e)(1)). New Mexico's procedural rules for effectuating service on a corporation are similar to the Federal Rules, providing that service may be made upon a corporation "by serving a copy of the process to an officer, a managing or a general agent or to any other agent authorized by appointment, by law or by this rule to receive

9

service of process. If the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant[.]" N.M. Rules Ann. Rule 1–004(G)(1)(a).

In this case, the Summonses were issued to "John Does KOB Channel 4 News of Albuquerque" and "KOB Channel 4 News of Albuquerque" and were not issued to Defendant KOB-TV, LLC. (Docs. 10, 11, 12, 34-1.) No summons was issued to Defendant KOB-TV, LLC. Ms. Trejo was not authorized to accept service on behalf of Defendant KOB-TV, LLC and does not qualify as an officer, manager, or agent of Defendant KOB-TV, LLC. Further, the Summons served on CT Corporation System was returned to Plaintiff's counsel with a letter explaining that "KOB Channel 4 News of Albuquerque" is not listed in CT Corporation System's records. Based on the record, it is clear that Defendant KOB-TV, LLC has not been served.

It is equally clear that the Entry of Default did not result from Defendant KOB-TV, LLC's culpable conduct. A defendant's conduct is generally considered culpable if it has defaulted willfully or has no excuse for the default. *Hunt v. Ford Motor Co.*, No. 94–3054, 1995 WL 523646, at *3 (10th Cir. Aug. 29, 1995). Where a party moves promptly to set aside an entry of default, such conduct serves to mitigate any culpability that may exist. *Id.* at *2–3; *see also Jenkins & Gilcrist v. Groia & Co.*, 542 F.3d 114, 123 (5th Cir. 2008). Defendant KOB-TV, LLC did not receive notice of the lawsuit until after the Court had entered default. (Doc. 31-3.) After learning of the Entry of Default, defense counsel promptly contacted Plaintiff's counsel and requested that Plaintiff agree to set aside the Entry of Default. Defense counsel followed up with an e-mail message that detailed the reasons why Plaintiff's attempts at service were defective. After Plaintiff's counsel failed to agree to set aside the Entry of Default, Defendant KOB-TV, LLC filed the Motion to Set Aside Entry of Default within a reasonable time.

Moreover, Plaintiff will not be prejudiced by setting aside the Entry of Default. Indeed, in his response, Plaintiff states that he no longer opposes setting aside the Entry of Default. Notably, a preliminary review of the Amended Complaint indicates that Defendant KOB-TV, LLC has meritorious defenses. As good cause clearly exists, the Court will set aside the Entry of Default.

Due to the troubling conduct of Plaintiff's counsel, the Court will award Defendant KOB-TV, LLC reasonable attorneys' fees and costs incurred in connection with the motion. Plaintiff claims that "if Defendant had afforded such opportunity or cooperated in such endeavor by good-faith conference or providing some concrete factual information before filing, the need for filing its Motion would likely have been negated." (Doc. 34 at 2.) The record belies this statement. The record clearly establishes that Defendant KOB-TV, LLC afforded Plaintiff several opportunities to agree to withdraw the Entry of Default and avert the necessity of the filing a motion. Contrary to Plaintiff's statement, defense counsel cooperated and provided concrete factual information before filing a motion.

Plaintiff's assertion that "Roland N. Atencio of CT Corporation accepted service on behalf of Defendant" is inaccurate because the Summons was not issued to Defendant KOB-TV, LLC and CT Systems promptly returned the documents. On May 26, 2015, Plaintiff was notified by letter from CT Corporation Systems that "KOB Channel 4 News of Albuquerque" is not the correct name of Defendant KOB-TV, LLC. Plaintiff was also aware that the registered agent of Defendant KOB-TV, LLC is CT Corporation Systems. Despite this knowledge, Plaintiff's counsel submitted an affidavit that incorrectly stated that "Defendant KOB-TV was served by Jonene Chavez with the summons and complaint on May 29, 2015." (Doc. 19-1.) The affidavit was defective because it was signed by Ms. Pelletier, who lacked personal knowledge. Based on

this affidavit, Plaintiff obtained the Entry of Default from the Clerk. After defense counsel specifically explained the numerous errors to Plaintiff's counsel, Plaintiff did not respond positively or timely to the requests of defense counsel to set aside the Entry of Default. Because Plaintiff's counsel's conduct necessitated the motion, the Court will award Defendant KOB-TV, LLC reasonable attorneys' fees and costs incurred in connection with filing the Motion to Set Aside Entry of Default. The Court declines to award additional sanctions at this time.

**THEREFORE,**

**IT IS ORDERED** that Defendant KOB-TV, LLC's Motion to Set Aside Entry of Default (Doc. 31) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff will serve Defendant KOB-TV, LLC, obtain a valid waiver of service, or dismiss Defendant KOB-TV, LLC within ten days of this Memorandum Opinion and Order.

**IT IS FURTHER ORDERED** that Defendant KOB-TV, LLC will submit documentation supporting its claim for reasonable attorneys' fees and costs incurred in connection with filing the Motion to Set Aside Entry of Default within ten days of this Memorandum Opinion and Order.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**