IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**DR. WILLIAM M. TURNER,**

    Plaintiff,

v.                                                      No. 1:15-cv-00339 RB/SCY

**MIDDLE RIO GRANDE CONSERVANCY DISTRICT;**
**SUBASH SHAH, Former Executive Director of the Middle Rio Grande Conservancy District (MRGCD) and former Chief Engineer and former Chairman of the New Mexico Board of Licensure for Professional Engineers and Professional Land Surveyors;**
**DENNIS DOMRZALSKI, Former MRGCD Public Information Officer;**
**JOHN DOES, Members or Former Members of the MRGCD;**
**MARY SMITH, New Mexico Assistant Attorney General;**
**JOHN DOES, Members or Former Members of the New**
**Mexico Board of Licensure for Professional Engineers and Land Surveyors;**
**EDUARD YTUARTE, Former Executive Director, New Mexico Board of Licensure for Professional Engineers and Land Surveyors;**
**JOHN T. ROMERO, Former Chair of the Engineering Committee, New Mexico Board of Licensure for Professional Engineers and Land Surveyors;**
**and JOHN DOES, of KOB Channel 4 News of Albuquerque;**
**and KOB-TV,**

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came before the Court upon Defendant Mary Smith's Motion for Judgment on the Pleadings. (Doc. 73.) Jurisdiction arises under 28 U.S.C. §§ 1331 and 1367. Having considered the submissions of counsel and relevant law, the Court will **GRANT** this motion.

**I.**     **Background**

On April 23, 2015 Plaintiff filed suit in this Court against the Middle Rio Grande Conservancy District ("MRGCD"), MRGCD employees, members of the Board of Licensure for

Professional Engineers and Professional Land Surveyors ("BOL"), and Defendant Mary Smith, an Assistant New Mexico Attorney General. (Doc. 1.) In his First Amended Verified Complaint to Recover Damages Due to Deprivations of Civil Rights/Violations of the United States and New Mexico Constitutions, Civil Conspiracy, and for Common Law Torts ("Amended Complaint"), Plaintiff alleges the following facts. (Doc. 3.)

Plaintiff is "an internationally recognized hydro-geologist with more than 40 years of national and international consulting experience in hydrology, geology, and related fields." (*Id.*) In June 2005, Plaintiff was elected to a four-year term on the Board of Directors of the MRGCD. (*Id.*) During his campaign and throughout his term on the MRGCD Board of Directors, Plaintiff sought to expose and correct multiple acts of malfeasance perpetrated by Defendant Shah, Executive Director of the MRGCD, and Defendant Domrzalski, Public Information Officer of the MRGCD. (*Id.*) On February 27, 2006, Plaintiff delivered a presentation to MRGCD in which he asserted that it was inappropriate to dump "un-engineered rip-rap" into multiple ditch roads within the MRGCD. (*Id.*)

On April 24, 2007, Defendant Dennis Domrzalski, Former MRGCD Public Information Officer, filed a complaint with the BOL accusing Plaintiff of practicing engineering without a license. (Doc. 3.) Defendant Subash Shah was the executive director of the MRGCD, as well as the Chairman of the BOL. (*Id.*) Defendant Shah dictated the complaint to Defendant Domrzalski. (*Id.*) Defendants Shah and Domrzalski knew that Plaintiff was immune from the complaint because he was a board member of the MRGCD and they filed the complaint with the intent to harass Plaintiff and oust him from the MRGCD Board. (*Id.*) Defendant Shah pressured Defendant Eduard Ytuarte, Former Executive Director of the BOL, to hold an administrative hearing to cast negative publicity on Plaintiff before the MRGCD Board elections. (*Id.*)

On February 26, 2010, the BOL issued a decision concluding that Plaintiff had practiced engineering without a license in connection with his presentation concerning the un-engineered rip-rap. *See N.M. Bd. of Licensure for Prof'l Eng's and Prof'l Surveyors v. Turner*, 303 P.3d 875, 878 (N.M. Ct. App. 2013). At the time the BOL issued its decision, Defendant John T. Romero was Chair of the Engineering Committee of the BOL. (Doc. 3.)

Plaintiff appealed the BOL decision to the Second Judicial District Court of the State of New Mexico. (Doc. 3.) On September 29, 2011, the Second Judicial District Court found that Plaintiff had not engaged in the practice of engineering without a license and that the BOL's decision violated Plaintiff's First Amendment rights to free speech. (*Id.*) The New Mexico Attorney General's Office, through Defendant Smith, appealed the decision to the New Mexico Court of Appeals and also filed an action against Plaintiff in the Second Judicial District Court alleging violation of BOL rules regarding the practice of engineering without a license. (*Id.*) On April 24, 2013, the New Mexico Court of Appeals upheld the District Court's decision that the BOL's decision violated Plaintiff's First Amendment rights to free speech. (*Id.*)

Plaintiff alleges, in his Amended Complaint, Counts V and VI, claims for civil conspiracy and malicious prosecution/abuse of process against Defendant Assistant Attorney General Mary Smith. These claims are based on the factual allegations that Defendant Smith appealed the Second Judicial District's decision to the New Mexico Court of Appeals and filed an action against Plaintiff in the Second Judicial District Court alleging violation of BOL rules regarding the practice of engineering without a license. (Doc. 3.)

Defendant Smith moves for judgment on the pleadings on the grounds that the two claims against her are barred by the New Mexico Tort Claims Act and prosecutorial immunity. (Doc.

3

73.) In his response brief, Plaintiff contends that the New Mexico Tort Claims Act is inapplicable and Defendant Smith is not entitled to prosecutorial immunity. (Doc. 89.)

## II.     Legal Standard

When analyzing a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), the Court applies the same standard applicable to a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). In order to withstand a motion for judgment on the pleadings or a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff must nudge his "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. The plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The Court accepts as true all of the factual allegations in the complaint and construes those facts in the light most favorable to the plaintiff. *See Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 521 F.3d 1278, 1284 (10th Cir. 2008).

## III.    Discussion

### A.     The New Mexico Tort Claims Act

#### 1.     The claims against Defendant Smith do not fall within a waiver of immunity

Defendant Smith asserts that Plaintiff's claims against her are barred by the New Mexico Tort Claims Act ("NMTCA"). The NMTCA is the "exclusive remedy against a governmental entity or public employee for any tort for which immunity has been waived under the Tort Claims Act and no other claim, civil action or proceeding for damages, by reason of the same occurrence, may be brought against a governmental entity or against the public employee or his

estate whose act or omission gave rise to the suit or claim." N.M. Stat. Ann. § 41-4-17(A). A public employee of New Mexico may not be sued unless the plaintiff's cause of action fits within one of the exceptions granted to governmental entities and public employees in the NMTCA. *See Begay v. State*, 723 P.2d 252, 255 (N.M. Ct. App. 1985), *rev'd on other grounds by Smialek v. Begay*, 721 P.2d 1306 (N.M. 1986).

The NMTCA provides a waiver of sovereign immunity only for claims in specified categories. The one waiver that could potentially permit a claim for malicious abuse of process applies only to claims against law enforcement officers. *See* N.M. Stat. Ann. § 41-4-12. This waiver is inapplicable herein because Defendant Smith, an assistant attorney general, is not a "law enforcement officer" within the meaning of the NMTCA.

The NMTCA defines "law enforcement officer" to mean "a full-time salaried public employee of a governmental entity whose principal duties under law are to hold in custody any person accused of a criminal offense, to maintain public order or to make arrests for crimes, or members of the National Guard when called to active duty by the governor." N.M. Stat. Ann. § 41-4-12. § 41-4-3(D). Prosecuting attorneys are not considered law enforcement officers for the purposes of the NMTCA. *See Coyazo v. State*, 120 N.M. 47, 51 (N.M. Ct. App. 1995). In *Coyazo*, the New Mexico Court of Appeals utilized a "practical approach" when it made that determination, and noted that "it is clear that district attorneys and their staffs are not engaged in the same activities as the officer on patrol when involved in the judicial phase of the criminal process." *Id.* Thus, the New Mexico Court of Appeals held that district attorneys were not law enforcement officers within the meaning of the NMTCA.

The duties of the New Mexico attorney general's office are defined in N.M. Stat. Ann. § 8-5-2. They involve the general representation of the state, and are not limited to criminal

prosecutions. According to Plaintiff's allegations, Defendant Smith, appealed the decision to the New Mexico Court of Appeals and filed an action against Plaintiff in the Second Judicial District Court alleging violation of BOL rules regarding the practice of engineering without a license. (Doc. 3.) The appeal and the district court action involve civil, rather than criminal, representation. If a district attorney, whose primary duty is criminal prosecution, is not a law enforcement officer, then an assistant attorney general is certainly not a law enforcement officer. Accordingly, Plaintiff's claims against Defendant Smith do not fall within a waiver of immunity under the NMTCA.

### 2. Defendant Smith acted within the scope of her duties

Plaintiff contends that Defendant Smith is not immune from tort liability under the NMTCA because she acted outside the scope of her duties as an Assistant Attorney General. Under the NMTCA, the State is only liable for torts committed by public employees while acting within their "scope of duty." *See* N.M. Stat. Ann § 41-4-4(D). The NMTCA defines "scope of duties" as "performing any duties that a public employee is requested, required or authorized to perform by the governmental entity, regardless of the time and place of performance." N.M. Stat. Ann. § 41-4-3(G).

According to the Supreme Court of New Mexico, "scope of duties" includes "employees who abuse their officially authorized duties, even to the extent of some tortious and criminal activity." *Celaya v. Hall*, 85 P.3d 239, 245 (N.M. 2004). The scope of duties is not limited to acts "officially requested, required or authorized because, contrary to legislative intent, it would render all unlawful acts, which are always unauthorized, beyond the remedial scope of the [NM]TCA." *Id.* In order for an act to be within the scope of duties "there must be a connection between the public employee's actions at the time of the incident and the duties the public

employee was "requested, required or authorized" to perform." *Id.* (citing N.M. Stat. Ann. § 41-4-3(G)).

For instance, in *Seeds v. Lucero*, 113 P.3d 859 (N.M. Ct. App. 2005), the New Mexico Court of Appeals held that city officials' "utilizing the machinery of city government" against private individuals for personal motives was covered by the NMTCA. *Id.*, 113 P.3d at 863. In *Vigil v. State Auditor's Office*, 116 P.3d 854 (Ct. App. 2005), the New Mexico Court of Appeals held that the state auditor who conducted audits in violation of statute, and instituted false audits, was covered by the NMTCA. *See id.* at 859. Additionally, in *Henning v. Rounds*, 171 P.3d 317 (N.M. Ct. App. 2007), the New Mexico Court of Appeals held that a school principal's allegedly false and misleading comments and evaluations of a teacher were actions committed within the scope of duties. *See* 171 P.3d at 320–22. If these types of actions are within the scope of duties, then the actions of Defendant Smith in filing the appeal and district court action clearly fall within the scope of duties of an Assistant Attorney General. Accordingly, Defendant Smith is covered by the NMTCA.

### 3. Plaintiff's claims are barred by the statute of limitations in the NMTCA

The NMTCA provides that "[a]ctions against a governmental entity or a public employee for torts shall be forever barred, unless such action is commenced within two years after the date of occurrence resulting in loss, injury or death." N.M. Stat. Ann. § 41-4-15. According to Plaintiff's Amended Complaint, the New Mexico Court of Appeals upheld the Second Judicial District Court's reversal of the BOL order on April 15, 2013. Thus, any damage suffered by Plaintiff as a consequence of the appeal must have occurred before that date. However, Plaintiff did not file suit until April 23, 2015, more than two years after the conclusion of the appeal.

Accordingly, Plaintiff's claims against Defendant Smith are time-barred by the two-year statute of limitations in the NMTCA.

Plaintiff asserts that the NMTCA is inapplicable because his claims against Defendant Smith are based on 42 U.S.C. § 1983. In order to state a claim under Section 1983, Plaintiff must allege deprivation of a federally protected right by a person acting under color of state law. *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016). To the extent that Plaintiff alleges a claim under Section 1983 it would be barred by the statute of limitations.

The statute of limitations for claims brought under 42 U.S.C. § 1983 is governed by the personal injury statute of limitations for the state in which the federal district court sits. *Mondragon v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008) (citing *Wilson v. Garcia*, 471 U.S. 251 (1985)); *Graham v. Taylor*, 640 F. App'x 766, 769 (10th Cir. 2016). In New Mexico, the statute of limitations period for personal injury actions is three years. N.M. Stat. Ann. § 37–1–8. While state law provides the statute of limitations period, federal law determines the date on which the claim accrues and the statute begins to run. *Mondragon*, 519 F.3d at 1078 (citing *Wallace v. Kato*, 549 U.S. 384 (2007)); *Graham*, 640 F. App'x at 769.

Under federal law, § 1983 claims generally rely on the common law tort principle that the claim accrues when the plaintiff "has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." *Wallace*, 549 U.S. at 388 (quoting *Bay Area Laundry & Dry Cleaning Pension Tr. Fund v. Febar Corp. of Cal.*, 522 U.S. 192, 201 (1997)) (citations omitted). Defendant Smith's last relevant action occurred on September 24, 2011, when she filed the Reply Brief in the Court of Appeals. (Doc. 101-1.) In that Plaintiff filed this action more than three years later; any Section 1983 action would be time-barred.

**B.     Prosecutorial Immunity**

Defendant Smith claims entitlement to absolute prosecutorial immunity. A prosecutor acting within the scope of her prosecutorial function is protected by absolute immunity from civil suits. *See Imbler v. Pachtman*, 424 U.S. 409, 420 (1976). In evaluating an assertion of absolute immunity, the Supreme Court of the United States applies a functional approach, "focus[ing] on the conduct for which immunity is claimed, not on the harm that the conduct may have caused or the question of whether it was lawful." *Buckley v. Fitzsimmons*, 509 U.S. 259, 271 (1993). When a prosecutor is acting as an advocate, and performing duties intimately associated with the judicial process, immunity attaches and bars any civil suit against her. *See Imbler*, 424 U.S. at 431; *Buckley*, 509 U.S. at 272–273.

The Supreme Court has stated that activities involving professional judgment are in the nature of advocacy, and are therefore protected by absolute immunity. *See Kalina v. Fletcher*, 522 U.S. 118, 126 (1997); *Buckley*, 509 U.S. at 274. In *Kalina*, the Supreme Court found such activities as drafting of the certification to the court, determining that the evidence justified a probable cause finding, deciding to file charges, presenting information, and making a motion to the court to be the work of an advocate, involving "the exercise of professional judgment." 522 U.S. at 130. The Tenth Circuit has explained that "absolute prosecutorial immunity extends to state attorneys and agency officials who perform functions analogous to those of a prosecutor in initiating and pursuing civil and administrative enforcement proceedings." *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1489 (10th Cir. 1991). Any acts undertaken by Defendant Smith in the course of her role as an Assistant Attorney General are entitled to absolute immunity.

The actions on which Plaintiff's claims against Defendant Smith are based are all within the functions of an Assistant Attorney General acting as an advocate. Plaintiff is aggrieved with

9

the way in which Defendant Smith filed the district court action and prosecuted the appeal. The conduct of Defendant Smith that Plaintiff calls into question is precisely the type of conduct covered by prosecutorial immunity. Indeed, the Amended Complaint contains no factual allegation of any conduct by Defendant Smith outside of her role as an Assistant Attorney General. Therefore, the claims against Defendant Smith are barred by absolute prosecutorial immunity.

## IV. Conclusion

Plaintiff's claims against Defendant Smith are barred by the New Mexico Tort Claims Act and prosecutorial immunity.

**THEREFORE,**

**IT IS ORDERED** that Defendant Mary Smith's Motion for Judgment on the Pleadings (Doc. 73) is **GRANTED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**