IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DR. WILLIAM M. TURNER,

    Plaintiff,

v.                                      No. 1:15-cv-00339 RB/SCY

MIDDLE RIO GRANDE CONSERVANCY DISTRICT;
SUBASH SHAH, Former Executive Director of the Middle Rio Grande Conservancy District (MRGCD) and former Chief Engineer and former Chairman of the New Mexico Board of Licensure for Professional Engineers and Professional Land Surveyors;
DENNIS DOMRZALSKI, Former MRGCD Public Information Officer;
JOHN DOES, Members or Former Members of the MRGCD;
MARY SMITH, New Mexico Assistant Attorney General;
JOHN DOES, Members or Former Members of the New
Mexico Board of Licensure for Professional Engineers and Land Surveyors;
EDUARD YTUARTE, Former Executive Director, New Mexico Board of Licensure for Professional Engineers and Land Surveyors;
JOHN T. ROMERO, Former Chair of the Engineering Committee, New Mexico Board of Licensure for Professional Engineers and Land Surveyors;
and JOHN DOES, of KOB Channel 4 News of Albuquerque;
and KOB-TV,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Defendant John T. Romero's Motion for Judgment on the Pleadings. (Doc. 76.) Jurisdiction arises under 28 U.S.C. §§ 1331 and 1367. Having considered the submissions of counsel and relevant law, the Court will **GRANT** this motion.

**I.    Background**

On April 23, 2015 Plaintiff filed suit in this Court against the Middle Rio Grande Conservancy District ("MRGCD"), MRGCD employees, and members of the Board of

Licensure for Professional Engineers and Professional Land Surveyors ("BOL"), including Defendant Romero. (Doc. 1.) In his First Amended Verified Complaint to Recover Damages Due to Deprivations of Civil Rights/Violations of the United States and New Mexico Constitutions, Civil Conspiracy, and for Common Law Torts ("Amended Complaint"), Plaintiff alleges the following facts. (Doc. 3.)

Plaintiff is "an internationally recognized hydro-geologist with more than 40 years of national and international consulting experience in hydrology, geology, and related fields." (*Id.*) In June 2005, Plaintiff was elected to a four-year term on the Board of Directors of the MRGCD. (*Id.*) During his campaign and throughout his term on the MRGCD Board of Directors, Plaintiff sought to expose and correct multiple acts of malfeasance perpetrated by Defendant Shah, Executive Director of the MRGCD, and Defendant Domrzalski, Public Information Officer of the MRGCD. (*Id.*) On February 27, 2006, Plaintiff delivered a presentation to the MRGCD in which he asserted that it was inappropriate to utilize "un-engineered rip-rap" to reinforce ditch roads within the MRGCD. (*Id.*)

On April 24, 2007, Defendant Dennis Domrzalski, Former MRGCD Public Information Officer, filed a complaint with the BOL accusing Plaintiff of practicing engineering without a license. (Doc. 3.) Defendant Shah was the executive director of the MRGCD, as well as the Chairman of the BOL. (*Id.*) Defendant Shah dictated the complaint to Defendant Domrzalski. (*Id.*) Defendants Shah and Domrzalski knew that Plaintiff was immune from the complaint because he was a board member of the MRGCD and they filed the complaint with the intent to harass Plaintiff and oust him from the MRGCD Board. (*Id.*) Defendant Shah pressured Defendant Eduard Ytuarte, Former Executive Director of the BOL, to hold an administrative hearing to cast negative publicity on Plaintiff before the MRGCD Board elections. (*Id.*)

On February 26, 2010, the BOL issued a decision concluding that Plaintiff had practiced engineering without a license in connection with his presentation concerning the un-engineered rip-rap. *See N.M. Bd. of Licensure for Prof'l Eng's & Prof'l Surveyors v. Turner*, 303 P.3d 875, 878 (N.M. Ct. App. 2013). At the time the BOL issued its decision, Defendant Romero was Chair of the Engineering Committee of the BOL. (Doc. 3.) Defendant Romero drafted the decision in consultation with Defendant Eduard Ytuarte, the Former Executive Director of the BOL. (*Id.*)

Plaintiff appealed the BOL decision to the Second Judicial District Court of the State of New Mexico. (Doc. 3.) On September 29, 2011, the Second Judicial District Court found that Plaintiff had not engaged in the practice of engineering without a license and that the BOL's decision violated Plaintiff's First Amendment rights to free speech. (*Id.*) The New Mexico Attorney General's Office, through Defendant Smith, appealed the decision to the New Mexico Court of Appeals. (*Id.*) On April 24, 2013, the New Mexico Court of Appeals upheld the District Court's decision that the BOL's decision violated Plaintiff's First Amendment rights to free speech. (*Id.*)

In Counts I, IV, V, and VI of the Amended Complaint, Plaintiff alleges violation of procedural due process, conspiracy to violate Plaintiff's constitutional rights, civil conspiracy, and malicious prosecution/abuse of process against Defendant Romero. (Doc. 3.) These claims are based on the factual allegations that Defendant Romero was the Chair of the Engineering Committee of the BOL when the BOL's decision was issued, Defendant Romero reached the decision during meetings without an actual hearing, and Defendant Romero drafted the decision in consultation with Defendant Ytuarte. (*Id.*)

Defendant Romero moves for judgment on the pleadings on the grounds that the claims against him are barred by the statute of limitations, judicial immunity, qualified immunity, and the New Mexico Tort Claims Act. (Doc. 76.) In his response brief, Plaintiff contends that the New Mexico Tort Claims Act is inapplicable, the claims are not barred by the statute of limitations, and Defendant Romero is not entitled to judicial immunity or qualified immunity. (Doc. 90.)

## II.     Legal Standard

When analyzing a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), the Court applies the same standard applicable to a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). In order to withstand a motion for judgment on the pleadings or a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff must nudge his "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. The plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The Court accepts as true all of the factual allegations in the complaint and construes those facts in the light most favorable to the plaintiff. *See Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 521 F.3d 1278, 1284 (10th Cir. 2008).

## III.    Discussion

### A.    Statute of Limitations

Defendant Romero asserts that Plaintiff's claims under 42 U.S.C. §§ 1983 and 1985 are barred by the statute of limitations. The statute of limitations for claims brought under Sections

4

1983 and 1985 is governed by the personal injury statute of limitations for the state in which the federal district court sits. *Mondragon v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008); *Graham v. Taylor*, 640 F. App'x 766, 769 (10th Cir. 2016). In New Mexico, the statute of limitations period for personal injury actions is three years. N.M. Stat. Ann. § 37–1–8. Plaintiff concedes that the three-year statute of limitations applies to his civil rights claims.

The issue in this case is when Plaintiff's claims accrued. While state law provides the statute of limitations period, federal law determines the date on which the claim accrues and the statute begins to run. *Mondragon*, 519 F.3d at 1078 (citing *Wallace v. Kato*, 549 U.S. 384 (2007)); *Graham*, 640 F. App'x at 769. State law also determines any tolling of the limitations period, although federal law may allow for additional tolling in rare circumstances. *Mondragon*, 519 F.3d at 1078 (citation omitted).

Defendants argue that Plaintiff's civil rights claims accrued on February 26, 2010, when the BOL issued it decision, and are thus time barred, because the Complaint was filed on April 23, 2015—more than five years later. Plaintiff responds that his claims accrued on April 24, 2013, when the New Mexico Court of Appeals issued its decision. Plaintiff relies on *Heck v. Humphrey*, 512 U.S. 477 (1994) for the notion that the statute of limitations was tolled while the appeal was pending.

Under federal law, § 1983 claims generally rely on the common law tort principle that the claim accrues when the plaintiff "has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." *Wallace*, 549 U.S. at 388 (quoting *Bay Area Laundry & Dry Cleaning Pension Tr. Fund v. Febar Corp. of Cal.*, 522 U.S. 192, 201 (1997)) (internal citations omitted). "A civil rights action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Price v. Philpot*, 420 F.3d 1158, 1162 (10th Cir.

5

2005). It is not necessary that the plaintiff know of all the evidence that he ultimately relies on for the statute of limitations to accrue. *Id*. Additionally, *Heck* is not helpful to Plaintiff because it applies only to claims that would imply the invalidity of a criminal conviction or sentence. *See Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 557 (10th Cir. 1999). As Plaintiff was not criminally convicted or sentenced, *Heck* is inapplicable.

The BOL issued its decision on February 26, 2010. Plaintiff had reason to know of his alleged injury no later than that date. However, Plaintiff did not file this lawsuit until April 23, 2015, which was more than three years after the claims accrued. Accordingly, Defendant Romero is entitled to judgment on the pleadings as to Plaintiff's civil rights claims under 42 U.S.C. §§ 1983 and 1985.

**B.   Judicial Immunity**

Defendant Romero claims entitlement to judicial immunity. Judges acting in their judicial capacity are absolutely immune from civil lawsuits based on their actions, unless the judge acted clearly without any colorable claim of jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978). Judicial immunity applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Cleavinger v. Saxner*, 474 U.S. 193, 199-200 (1985) (quoting *Bradley v. Fisher*, 80 U.S. 335, 347 (1872)). "A judge is immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." *Moss v. Kopp*, 559 F.3d 1155, 1163–64 (10th Cir. 2009) (internal quotations marks and citations omitted). A judge lacks immunity only when he acts in the "clear absence of all jurisdiction," *Bradley*, 80 U.S. at 351, or performs an act that is not "judicial" in nature. *Sparkman*, 435 U.S. at 360.

The Tenth Circuit has recognized that "officials in administrative hearings can claim the absolute immunity that flows to judicial officers if they are acting in a quasi-judicial fashion." *Guttman v. Khalsa*, 446 F.3d 1027, 1033 (10th Cir. 2006) (citing *Butz v. Economou*, 438 U.S. 478, 514 (1978)). For an official at an administrative hearing to enjoy absolute immunity, "(a) the officials' functions must be similar to those involved in the judicial process, (b) the officials' actions must be likely to result in damages lawsuits by disappointed parties, and (c) there must exist sufficient safeguards in the regulatory framework to control unconstitutional conduct." *Guttman*, 446 F.3d at 1033 (quoting *Horwitz v. State Bd. of Med. Examr's*, 822 F.2d 1508, 1513 (10th Cir. 1987) (internal quotation marks omitted).

Plaintiff alleges that Defendant Romero, who was the Chair of the Engineering Committee of the BOL, drafted the administrative decision adverse to Plaintiff. The BOL is the agency tasked with the regulation of the licensure of engineers and surveyors in New Mexico. *See* N.M. Stat. Ann. § 61-23-24. Even assuming that Defendant Romero reached the decision during meetings without a formal hearing and drafted the decision in consultation with Defendant Ytuarte, Defendant Romero acted within the jurisdiction of the BOL to "investigate and initiate a hearing on a complaint against a person who does not have a license, who is not exempt from the Engineering and Surveying Practice Act [N.M. Stat. Ann. § 61-23-1] and who acts in the capacity of a professional engineer within the meaning of Engineering and Surveying Practices Act." N.M. Stat. Ann. § 61-23-23.1 (A). Therefore, Defendant Romero acted within the jurisdiction of the BOL when the decision issued that determined Plaintiff had practiced engineering without a license. Accordingly, Defendant Romero is protected by absolute judicial immunity.

## C.     Qualified Immunity

Defendant Romero raises the defense of qualified immunity in response to Plaintiff's civil rights claims under 42 U.S.C. §§ 1983 and 1985. In order to overcome Defendant Romero's claim of qualified immunity, Plaintiff must show that (1) Defendant Romero violated a constitutional right; and (2) that right was "clearly established" at the time of the challenged conduct. *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011). The Court may consider either part of this two-prong test first. *al-Kidd*, 563 U.S. at 735 (citing *Pearson v. Callahan*, 555 U.S. 223, 236 (2009)).

In determining whether Defendant Romero violated Plaintiff's due process rights, the Court must determine: "(1) did [Plaintiff] possess a protected interest such that the due process protections were applicable; and, if so, then (2) was [Plaintiff] afforded an appropriate level of process." *Brown v. Montoya*, 662 F.3d 1152, 1167 (10th Cir. 2011) (quoting *Merrifield v. Bd. of Cnty. Comm'rs*, 654 F.3d 1073, 1078 (10th Cir. 2011)). "An individual has a property interest in a benefit for purposes of due process protection only if he has a 'legitimate claim of entitlement' to the benefit, as opposed to a mere 'abstract need or desire' or 'unilateral expectation.' " *Teigen v. Renfrow*, 511 F.3d 1072, 1078–79 (10th Cir. 2007) (citing *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972)). Plaintiff has failed to allege sufficient facts that he had a clearly established protected property right. Additionally, there is no Tenth Circuit or Supreme Court case that would indicate that the process received by Plaintiff in connection with the BOL decision was inadequate. Accordingly, Defendant Romero is entitled to qualified immunity as to Plaintiff's civil rights claims under 42 U.S.C. §§ 1983 and 1985.

**D.     The New Mexico Tort Claims Act (NMTCA)**

Defendant Romero asserts that Plaintiff's tort claims are barred by the NMTCA. The NMTCA is the "exclusive remedy against a governmental entity or public employee for any tort for which immunity has been waived under the Tort Claims Act and no other claim, civil action or proceeding for damages, by reason of the same occurrence, may be brought against a governmental entity or against the public employee or his estate whose act or omission gave rise to the suit or claim." N.M. Stat. Ann. § 41-4-17(A). A public employee of New Mexico may not be sued unless the plaintiff's cause of action fits within one of the exceptions granted to governmental entities and public employees in the NMTCA. *See Begay v. State*, 723 P.2d 252, 255 (N.M. Ct. App. 1985), *rev'd on other grounds by Smialek v. Begay*, 721 P.2d 1306 (N.M. 1986).

The NMTCA provides a waiver of sovereign immunity only for claims in specified categories. Plaintiff's claims against Defendant Romero do not fit within any of these categories. The one waiver that could potentially permit a claim for malicious abuse of process applies only to claims against law enforcement officers. See N.M. Stat. Ann. § 41-4-12. This waiver is inapplicable herein because Defendant Romero, Former Chair of the Engineering Committee of the BOL, was not a "law enforcement officer" within the meaning of the NMTCA.

The NMTCA defines "law enforcement officer" to mean "a full-time salaried public employee of a governmental entity whose principal duties under law are to hold in custody any person accused of a criminal offense, to maintain public order or to make arrests for crimes, or members of the National Guard when called to active duty by the governor." N.M. Stat. Ann. § 41-4-12.. This definition encompasses only those persons whose principal duties include those of a direct law enforcement nature. *See Anchondo v. N.M. Corr. Dep't*, 666 P.2d 1255, 1256 (N.M.

9

1983) (holding that the Secretary of Corrections and a state penitentiary warden were not "law enforcement officers" within the meaning of the NMTCA).

Notably, state officials whose duties involve principally administrative, technical, or regulatory matters are not considered law enforcement officers for the purposes of the NMTCA. *See Limacher v. Spivey*, 198 P.3d 370, 376 (N.M. Ct. App. 2008) (holding that an employee of the Office of the State Engineer of New Mexico was not a law enforcement officer); *Dunn v. McFeeley*, 984 P.2d 760, 766 (N.M. Ct. App. 1994) (holding that a medical investigator and crime laboratory technician were not "law enforcement officers" within meaning of the NMTCA); *Dunn v. State of N.M.*, 859 P.2d 469, 470–71 (N.M. Ct. App. 1993) (holding that the Director of the Motor Vehicle Division of the Taxation and Revenue Department of New Mexico was not a "law enforcement officer" within meaning of the NMTCA). The principal duties of Defendant Romero as Former Chair of the Engineering Committee of the BOL were not of a direct law enforcement nature. Rather, Defendant Romero's duties were administrative, technical, and regulatory in nature. Accordingly, Plaintiff's claims against Defendant Romero do not fall within a waiver of immunity under the NMTCA.

Plaintiff contends that Defendant Romero is not immune from tort liability under the NMTCA because he acted outside the scope of his duties as Former Chair of the Engineering Committee of the BOL. Under the NMTCA, the State is only liable for torts committed by public employees while acting within their "scope of duty." *See* N.M. Stat. Ann § 41-4-4(D). The NMTCA defines "scope of duties" as "performing any duties that a public employee is requested, required or authorized to perform by the governmental entity, regardless of the time and place of performance." N.M. Stat. Ann. § 41-4-3(G).

According to the Supreme Court of New Mexico, "scope of duties" includes "employees who abuse their officially authorized duties, even to the extent of some tortious and criminal activity." *Celaya v. Hall*, 85 P.3d 239, 245 (N.M. 2004). The scope of duties is not limited to acts "officially requested, required or authorized because, contrary to legislative intent, it would render all unlawful acts, which are always unauthorized, beyond the remedial scope of the [NM]TCA." *Id.* In order for an act to be within the scope of duties "there must be a connection between the public employee's actions at the time of the incident and the duties the public employee was "requested, required or authorized" to perform." *Id.* (citing N.M. Stat. Ann. § 41-4-3(G)).

For instance, in *Seeds v. Lucero*, 113 P.3d 859 (N.M. Ct. App. 2005), the New Mexico Court of Appeals held that city officials' "utilizing the machinery of city government" against private individuals for personal motives was covered by the NMTCA. *Id.* at 863. In *Vigil v. State Auditor's Office*, 116 P.3d 854 (N.M. Ct. App. 2005), the Court of Appeals held that the state auditor who conducted audits in violation of statute, and instituted false audits, was covered by the NMTCA. *See id.* at 859. Additionally, in *Henning v. Rounds*, 171 P.3d 317 (N.M. Ct. App. 2007), the New Mexico Court of Appeals held that a school principal's allegedly false and misleading comments and evaluations of a teacher were actions committed within the scope of duties. *See id.* at 320–22. If these types of actions are within the scope of duties, then the actions of Defendant Romero in issuing the BOL decision clearly fall within the scope of his duties.

Plaintiff contends that his conspiracy allegations fall outside the scope of the NMTCA. More specifically, Plaintiff argues that the conspiracy places Defendant Romero outside the protection of the NMTCA and subjects him to personal liability. It bears underscoring that "a public employee may be within the scope of authorized duty even if the employee's acts are

11

fraudulent, intentionally malicious, or even criminal." *Seeds*, 113 P.3d 862 (citing *Risk Mgmt. Div. v. McBrayer*, 14 P.3d 43, 48 (N.M. Ct. App. 2000) (explaining that "the legislature likely foresaw the possibility that a public employee could abuse the duties actually requested, required or authorized by his state employer and thereby commit malicious, even criminal acts that were unauthorized, yet incidental to the performance of those duties")). Consequently, assuming *arguendo* that Defendant Romero engaged in a conspiracy, his wrongful motive would be irrelevant, as long as there is "a connection between the public employee's actions at the time of the incident and the duties the public employee was requested, required or authorized to perform." *Celaya*, 85 P.3d at 245. In that Defendant Romero's actions in issuing the BOL decision were within the scope of his duties as Chair of the Engineering Committee of the BOL, his actions were with-in the scope of authorized duty. For this reason, Defendant Romero is covered by the NMTCA.

Additionally, the NMTCA provides that "[a]ctions against a governmental entity or a public employee for torts shall be forever barred, unless such action is commenced within two years after the date of occurrence resulting in loss, injury or death." N.M. Stat. Ann. § 41-4-15. The last action of the BOL that could potentially support Plaintiff's tort claims against Defendant Romero occurred on February 26, 2010. Plaintiff filed this action on April 23, 2015, some three years after the statute of limitations had expired. Accordingly, Plaintiff's tort claims against Defendant Romero are barred by the two-year statute of limitations in the NMTCA.

**IV.    Conclusion**

Plaintiff's claims against Defendant Romero are barred by the statute of limitations, judicial immunity, qualified immunity, and the New Mexico Tort Claims Act.

**THEREFORE,**

**IT IS ORDERED** that Defendant John T. Romero's Motion for Judgment on the Pleadings (Doc. 76) is **GRANTED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**