IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


**DR. WILLIAM M. TURNER,**

    Plaintiff,

v.                                         No. 1:15-cv-00339 RB/SCY

**MIDDLE RIO GRANDE CONSERVANCY DISTRICT;**
**SUBASH SHAH, Former Executive Director of the Middle Rio Grande Conservancy District (MRGCD) and former Chief Engineer and former Chairman of the New Mexico Board of Licensure for Professional Engineers and Professional Land Surveyors;**
**DENNIS DOMRZALSKI, Former MRGCD Public Information Officer;**
**JOHN DOES, Members or Former Members of the MRGCD;**
**MARY SMITH, New Mexico Assistant Attorney General;**
**JOHN DOES, Members or Former Members of the New**
**Mexico Board of Licensure for Professional Engineers and Land Surveyors;**
**EDUARD YTUARTE, Former Executive Director, New Mexico Board of Licensure for Professional Engineers and Land Surveyors;**
**JOHN T. ROMERO, Former Chair of the Engineering Committee, New Mexico Board of Licensure for Professional Engineers and Land Surveyors;**
**and JOHN DOES, of KOB Channel 4 News of Albuquerque;**
**and KOB-TV,**

    Defendants.


## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Defendants Middle Rio Grande Conservancy District, Subhas Shah, and Dennis Domrzalski's ("MRGCD Defendants") Motion to Dismiss. (Doc. 70.) Jurisdiction arises under 28 U.S.C. §§ 1331 and 1367. Having considered the submissions of counsel and relevant law, the Court will **GRANT** this motion.

**I.**    **Background**

On April 23, 2015 Plaintiff filed suit in this Court against the Middle Rio Grande Conservancy District ("MRGCD"), MRGCD employees, and members of the Board of

Licensure for Professional Engineers and Professional Land Surveyors ("BOL"). (Doc. 1.) In his First Amended Verified Complaint to Recover Damages Due to Deprivations of Civil Rights/Violations of the United States and New Mexico Constitutions, Civil Conspiracy, and for Common Law Torts ("Amended Complaint"), Plaintiff alleges the following facts. (Doc. 3.)

Plaintiff is "an internationally recognized hydro-geologist with more than 40 years of national and international consulting experience in hydrology, geology, and related fields." (*Id.*) In June 2005, Plaintiff was elected to a four-year term on the Board of Directors of the MRGCD. (*Id.*) During his campaign and throughout his term on the MRGCD Board of Directors, Plaintiff sought to expose and correct multiple acts of malfeasance perpetrated by Defendant Shah, Former Executive Director of the MRGCD, and Defendant Domrzalski, Former Public Information Officer of the MRGCD. (*Id.*) On February 27, 2006, Plaintiff delivered a presentation to the MRGCD in which he asserted that it was inappropriate to utilize "un-engineered rip-rap" to reinforce ditch roads within the MRGCD. (*Id.*)

On April 24, 2007, Defendant Domrzalski filed a complaint with the BOL that accused Plaintiff of practicing engineering without a license. (Doc. 3.) Defendant Shah was the executive director of the MRGCD, as well as the Former Chief Engineer and Chairman of the BOL. (*Id.*) Defendant Shah dictated the complaint to Defendant Domrzalski. (*Id.*) Defendants Shah and Domrzalski knew that Plaintiff was immune from the complaint because he was a board member of the MRGCD and they filed the complaint with the intent to harass Plaintiff and oust him from the MRGCD Board. (*Id.*) Defendant Shah pressured Defendant Eduard Ytuarte, Former Executive Director of the BOL, to hold an administrative hearing to cast negative publicity on Plaintiff before the MRGCD Board elections. (*Id.*)

On February 26, 2010, the BOL issued a decision concluding that Plaintiff had practiced engineering without a license in connection with his presentation concerning the un-engineered rip-rap. *See N.M. Bd. of Licensure for Prof'l Eng's & Prof'l Surveyors v. Turner*, 303 P.3d 875, 878 (N.M. Ct. App. 2013). At the time the BOL issued its decision, Defendant Romero was Chair of the Engineering Committee of the BOL. (Doc. 3.) Defendant Romero drafted the decision in consultation with Defendant Ytuarte. (*Id.*)

Plaintiff appealed the BOL decision to the Second Judicial District Court of the State of New Mexico. (Doc. 3.) On September 29, 2011, the Second Judicial District Court found that Plaintiff had not engaged in the practice of engineering without a license and that the BOL's decision violated Plaintiff's First Amendment rights to free speech. (*Id.*) The New Mexico Attorney General's Office, through Defendant Smith, appealed the decision to the New Mexico Court of Appeals. (*Id.*) On April 24, 2013, the New Mexico Court of Appeals upheld the District Court's decision that the BOL's decision violated Plaintiff's First Amendment rights to free speech. (*Id.*)

In Counts I, II, III, IV, V, and VI of the Amended Complaint, Plaintiff alleges a violation of his right to procedural due process, a violation of his rights under the First Amendment, a violation of his rights to equal protection and to be free from discrimination, conspiracy to violate his constitutional rights, civil conspiracy, malicious prosecution/abuse of process, defamation, and slander against the MRGCD Defendants. (*Id.*) These claims are based on the factual allegations that the MRGCD Defendants filed the BOL complaint, acted in concert and influenced the BOL to issue a notice of violation, demanded that Plaintiff agree to a settlement, solicited the Attorney General to pursue the administrative BOL hearing and appeal the district court's decision, and made defamatory statements about Plaintiff. (*Id.*)

The MRGCD Defendants have moved to dismiss on the grounds that the claims against them are barred by the statute of limitations and the New Mexico Tort Claims Act, and for failure to state a claim. (Doc. 76.) In his response brief, Plaintiff contends that the claims are valid and not barred by the statute of limitations. (Doc. 88.) Plaintiff concedes that the tort claims against the MRGCD Defendants in their official capacities are barred by the statute of limitations of the New Mexico Tort Claims Act, he does not have a viable conspiracy claim under 42 U.S.C. §1985(1) or a malicious prosecution claim under the Fourth Amendment, and he does not allege a state tort claim for malicious abuse of process claim. (*Id.*)

## II.     Legal Standard

In order to withstand a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiffs' amended complaint alone is legally sufficient to state a claim for which relief may be granted." *Brokers' Choice of Am., Inc. v. NBC Universal*, 757 F.3d 1125, 1135–36 (10th Cir. 2014); *Peterson v. Grisham*, 594 F.3d 723, 727 (10th Cir. 2010). The plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The plaintiff must nudge his "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. When deciding a motion to dismiss under Rule 12(b)(6), the Court assumes that all of the plaintiff's well-pleaded factual allegations are true and views them in the light most favorable to the plaintiff. *Iqbal*, 556 U.S. at 679; *Schwartz v. Booker*, 702 F.3d 573, 579 (10th Cir. 2012).

### III. Discussion

#### A. Statute of Limitations

The MRGCD Defendants assert that Plaintiff's claims under 42 U.S.C. §§ 1983 and 1985 are barred by the statute of limitations. The statute of limitations for claims brought under Sections 1983 and 1985 is governed by the personal injury statute of limitations for the state in which the federal district court sits. *Mondragon v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008); *Graham v. Taylor*, 640 F. App'x 766, 769 (10th Cir. 2016). In New Mexico, the statute of limitations period for personal injury actions is three years. N.M. Stat. Ann. § 37-1-8. Plaintiff concedes that the three-year statute of limitations applies to his civil rights claims.

The issue in this case is when Plaintiff's claims accrued. While state law provides the statute of limitations period, federal law determines the date on which the claim accrues and the statute begins to run. *Mondragon*, 519 F.3d at 1078 (citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007)); *Graham*, 640 F. App'x at 769. State law also determines any tolling of the limitations period, although federal law may allow for additional tolling in rare circumstances. *Mondragon*, 519 F.3d at 1078 (citation omitted).

Defendants argue that Plaintiff's civil rights claims accrued no later than February 26, 2010, when the BOL issued its decision. Plaintiff filed this action more than five years later on April 23, 2015, making the claim time-barred. Plaintiff responds that his claims accrued on April 24, 2013, when the New Mexico Court of Appeals issued its decision, or the statute of limitations was tolled until that date. Plaintiff relies on *Heck v. Humphrey*, 512 U.S. 477 (1994) for the notion that the statute of limitations was tolled while the appeal was pending.

Under federal law, § 1983 claims generally rely on the common law tort principle that the claim accrues when the plaintiff "has a complete and present cause of action, that is, when the

plaintiff can file suit and obtain relief." *Wallace*, 549 U.S. at 388 (quoting *Bay Area Laundry & Dry Cleaning Pension Tr. Fund v. Febar Corp. of Cal.*, 522 U.S. 192, 201 (1997)) (internal citations omitted). "A civil rights action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Price v. Philpot*, 420 F.3d 1158, 1162 (10th Cir. 2005). It is not necessary that the plaintiff know of all the evidence that he ultimately relies on for the statute of limitations to accrue. *Id*. Additionally, *Heck* applies only to claims that would imply the invalidity of a criminal conviction or sentence. *See Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 557 (10th Cir. 1999). As Plaintiff was not criminally convicted or sentenced, *Heck* is inapplicable.

The BOL issued its decision on February 26, 2010. Plaintiff had reason to know of his alleged injury no later than that date. However, Plaintiff did not file this lawsuit until April 23, 2015, which was more than three years after the claims accrued. Accordingly, Plaintiff's civil rights claims under 42 U.S.C. §§ 1983 and 1985 are barred by the statute of limitations.

**B.    New Mexico Tort Claims Act (NMTCA)**

Defendants assert that Plaintiff's state tort claims are barred by the NMTCA. Plaintiff concedes that the tort claims against MRGCD defendants in their "official capacities" are barred by the NMTCA's two-year statute of limitations. However, this is a distinction without a difference. The NMTCA is the "exclusive remedy against a governmental entity or public employee for any tort for which immunity has been waived under the Tort Claims Act and no other claim, civil action or proceeding for damages, by reason of the same occurrence, may be brought against a governmental entity or against the public employee or his estate whose act or omission gave rise to the suit or claim." N.M. Stat. Ann. § 41-4-17(A). A public employee of New Mexico may not be sued unless the plaintiff's cause of action fits within one of the

exceptions granted to governmental entities and public employees in the NMTCA. *See Begay v. State*, 723 P.2d 252, 255 (N.M. Ct. App. 1985), *rev'd on other grounds by Smialek v. Begay*, 721 P.2d 1306 (N.M. 1986). The NMTCA provides a waiver of sovereign immunity only for claims in specified categories. Plaintiff concedes that his claims against the MRGCD Defendants do not fit within any of these categories.

Additionally, the NMTCA provides that "[a]ctions against a governmental entity or a public employee for torts shall be forever barred, unless such action is commenced within two years after the date of occurrence resulting in loss, injury or death." N.M. Stat. Ann. § 41-4-15. The last action of the BOL that could potentially support Plaintiff's tort claims against the MRGCD Defendants occurred on February 26, 2010. Plaintiff filed this action on April 23, 2015, which was more than two years after the date of occurrence. Accordingly, Plaintiff's tort claims against the MRGCD Defendants are barred by the two-year statute of limitations in the NMTCA.

**C.   Failure to state a Section 1983 claim against Defendant MRGCD**

Defendant MRGCD asserts that Plaintiff has failed to allege facts that would support a claim against it. In response, Plaintiff asserts that the claims against Defendant MRGCD are based on the alleged actions of Defendant Shah as a "decision maker." (Doc. 88.)

It bears underscoring that there is no *respondeat superior* liability under Section 1983. *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 767 (10th Cir. 2013). A local government body may be held liable "only for its own unconstitutional or illegal policies and not for the tortious acts of its employees." *Barney v. Pulsipher*, 143 F.3d 1299, 1307 (10th Cir. 1998). To establish a claim under Section 1983 against a local government body for the acts of employees, a plaintiff must prove: (1) that an employee committed a constitutional violation, and (2) that a policy or custom of the government body directly caused the injury alleged. *City of*

*Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood*, 997 F.2d 774, 782 (10th Cir. 1993). The Amended Complaint fails to identify a policy or custom on the part of Defendant MRGCD that led to any injury. Accordingly, Plaintiff has failed to state a Section 1983 claim against Defendant MRGCD.

### D.     42 U.S.C. Section 1985(3) Conspiracy

Defendants contend that Plaintiff has failed to state a claim under 42 U.S.C. § 1985(3). A claim arises under this section of the statute where two or more persons conspire for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws. *See* 42 U.S.C. § 1985(3); *Jones v. Norton*, 809 F.3d 564, 576 (10th Cir. 2015) (holding that a plaintiff must allege a conspiracy based on discriminatory animus in order to assert a plausible claim under Section 1985(3)).

While § 1985(3) does not create any substantive rights, it provides a remedy when individuals conspire to deprive a member of a protected class of equal protection of the laws or equal privileges and immunities under the laws. *See Gallegos v. City & Cnty. of Denver*, 984 F.2d 358, 362 (10th Cir. 1993) (*citing Dixon v. City of Lawton*, 898 F.2d 1443, 1448 (10th Cir. 1990)). "The essential elements of a § 1985(3) claim are: (1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom." *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993).

Notably, the plaintiff must demonstrate that "some racial, or perhaps otherwise class-based, invidiously discriminatory animus [lay] behind the conspirators' action." *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 267–68 (1993) (quoting *Griffin v.*

8

*Breckenridge*, 403 U.S. 88, 102 (1971)). As the Supreme Court has stated, the "invidiously discriminatory animus" element requires "that the defendant have taken his action 'at least in part "because of," not merely "in spite of," its adverse effects upon an identifiable group.'" *Id.* at 275–76 (quoting *Personnel Adm'r of Mass. v. Feeney*, 442 U.S. 256, 279 (1979)).

Moreover, to support a conspiracy claim, a plaintiff must show a meeting of the minds or agreement among the defendants and a concerted action. *See Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 533 (10th Cir. 1998) (discussing § 1983 conspiracy claim). In this case, Plaintiff alleges that Defendants conspired against him based on that fact that his wife and sons are Jewish and Plaintiff is affiliated with the Jewish community. (Doc. 88.) Plaintiff has failed to provide any factual details of the alleged conspiracy or to allege a discriminatory animus behind any of the MRGCD Defendants' actions grounded in Plaintiff's race, sex, religion, or national origin. For these reasons, Plaintiff has failed to state a claim under 42 U.S.C. § 1985(3).

## IV.   Conclusion

Plaintiff's claims against the MRGCD Defendants are barred by the statute of limitations and the New Mexico Tort Claims Act. Additionally, Plaintiff has failed to state a claim against Defendant MRGCD and failed to state a claim or under 42 U.S.C. § 1985(3).

**THEREFORE,**

**IT IS ORDERED** that the MRGCD Defendants' Motion to Dismiss (Doc. 70) is **GRANTED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**