# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

DR. WILLIAM M. TURNER,

    Plaintiff,

v.  No. 1:15-CV-00339-RB/SCY

MIDDLE RIO GRANDE CONSERVANCY DISTRICT; SUBASH SHAH, Former
Executive Director of the Middle Rio Grande Conservancy District (MRGCD) and
former Chief Engineer and former Chairman of the New Mexico Board of
Licensure for Professional Engineers and Professional Land Surveyors; DENNIS
DOMRZALSKI, Former MRGCD Public Information Officer; JOHN DOES, Members or
Former Members of the MRGCD; MARY SMITH, New Mexico Assistant Attorney General;
JOHN DOES, Members or Former Members of the New Mexico Board of Licensure for
Professional Engineers and Land Surveyors; EDUARD YTUARTE, Former Executive
Director, New Mexico Board of Licensure for Professional Engineers and Land Surveyors;
JOHN T. ROMERO, Former Chair of the Engineering Committee, New Mexico Board
of Licensure for Professional Engineers and Land Surveyors; JOHN DOES, of KOB
Channel 4 News of Albuquerque; and KOB-TV,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. Pro., Rules [sic] 59, filed on March 24, 2017 (Doc. 116). Jurisdiction arises under 28 U.S.C. §§ 1331 and 1367.

On February 24, 2017, the Court entered its Final Order in favor of Defendants and dismissed the case with prejudice. (Doc. 115.) The Court had previously granted Defendants' MRGCD, Shah, and Domrzalski's Motion to Dismiss (*see* Docs. 70, 114), Defendant Smith's Motion for Judgment on the Pleadings (*see* Docs. 73, 111), Defendant Romero's Motion for Judgment on the Pleadings (*see* Docs. 76, 112), and Defendant Ytuarte's Motion for Judgment on the Pleadings (*see* Docs. 78, 113).

Dr. William Turner (Plaintiff) now moves the Court to reconsider these four opinions and argues that the Court overlooked and/or misconstrued controlling law and overlooked factual details as alleged in Plaintiff's First Amended Complaint. (*See* Doc. 116.) Having considered the submissions of counsel and relevant law, the Court will **DENY** the motion.

I.  **Procedural and Factual Background**

On April 23, 2015, Plaintiff filed suit in this Court against a variety of Defendants. (Doc. 1.) Plaintiff's First Amended Verified Complaint alleges seven causes of action: (1) violations of his Due Process and Fifth Amendment rights against Defendants Shah, Domrzalski, Romero, and Ytuarte; (2) violations of his First Amendment rights by Defendants Shah, Domrzalski, John Does of MRGCD, and John Does of the Board of Licensure for Professional Engineers and Professional Land Surveyors (BOL); (3) violations of his Equal Protection rights and discrimination by Defendants Shah, Domrzalski, and John Does of KOB Channel 4; (4) conspiracy to violate Plaintiff's First and Fourteenth Amendment (equal protection) rights pursuant to 42 U.S.C. § 1985(3) by Defendants Shah, Domrzalski, Ytuarte, and John Does of BOL; (5) civil conspiracy by Defendants Shah, Domrzalski, Romero, Ytuarte, Smith, and John Does of MRGCD; (6) malicious prosecution/abuse of process by Defendants Shah, Domrzalski, John Does of the MRGCD, Ytuarte, Romero, John Does of the BOL, and Smith; and (7) claims pursuant to the New Mexico Tort Claims Act, defamation, and slander by Defendants Shah, Domrzalski, and John Doe of KOAT. (*See* Doc. 3.)

The Court provided a summary of the pertinent facts in a light most favorable to Plaintiff in its original Memorandum Opinion and Orders and incorporates those facts herein. (*See* Docs. 111, at 1–4; 112, at 1–4; 113, at 1–4; 114, at 1–4.)

## II. Legal Standards

### A. Motion to Alter or Amend Judgment Standard

A motion to alter or amend judgment pursuant to "rule 59(e) is an 'inappropriate vehicle[] to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion.'" *Jarita Mesa Livestock Grazing Ass'n v. U.S. Forest Serv.*, 58 F. Supp. 3d 1191, 1218 (D.N.M. 2014) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id.* (quoting *Servants of Paraclete*, 204 F.3d at 1012 (internal citation omitted)). "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.* (quoting *Servants of Paraclete*, 204 F.3d at 1012 (internal citation omitted)). "A district court has considerable discretion in ruling on a motion to reconsider under rule 59(e)." *Id.* (citing *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997)).

### B. Motion to Dismiss Standard

The Court uses the same standard to analyze both a motion to dismiss and a motion for judgment on the pleadings. *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000) (citation omitted). In order to withstand a motion to dismiss or a motion for judgment on the pleadings, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff must nudge his "claims across the line from conceivable to plausible . . . ." *Twombly*, 550 U.S. at 570. The plaintiff must plead "factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). The Court accepts as true all of the factual allegations in the complaint and construes those facts "in the light most favorable to the plaintiff." *See Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 521 F.3d 1278, 1284 (10th Cir. 2008).

**III.     Analysis**

Plaintiff alleges seven discrete points of error with the Court's opinions: (1) "[t]he [C]ourt overlooked the controlling uniform precedent(s) of the Tenth Circuit and other various other [sic] circuits on the accrual of 1983 malicious prosecution and conspiracy claims"; (2) "[f]or 1983 malicious prosecution, Plaintiff's 'charge of violation' was a 'criminal proceeding'"; (3) the "[C]ourt overlooked the policy or custom or practice identified by Plaintiff in his amended complaint and the Tenth Circuit's precedent in support"; (4) the "Court overlooked the factual details and/or discriminatory animus alleged by Plaintiff in his amended complaint"; (5) "[t]he Court Decision is in conflict with controlling precedent from the 10th Circuit Court of Appeals"; (6) "Plaintiff has Sufficiently Pled Facts of a Policy or Custom of the MRGCD to Nudge His 42 U.S.C. 1983 Claims for Deprivation of His First Amendment Rights and Conspiracy to Deprive Him of His Constitutional Rights Across the Line for [sic] Conceivable to Plausible Such [that] the Court Committed Clear Error in Dismissing The Claim"; and (7) "Plaintiff believes that the present case is a Bivens type of case where government and quasi-governmental officials of New Mexico have violated Plaintiff's civil rights." (Doc. 116, at 5–19.)

The Court addresses Plaintiff's first, second, and fifth arguments together in Section III(A) and his third, fourth, sixth, and seventh arguments in Section III(B).

4

### A. Plaintiff's claims accrued on February 26, 2010.

Plaintiff argues that the "favorable termination rule," as defined in *Heck v. Humphrey*, 512 U.S. 477 (1994), applies to his § 1983 claims, thus the Court miscalculated the date his § 1983 claim for malicious prosecution accrued. (Doc. 116, at 5–7, 11–15.) While Plaintiff made substantially similar arguments in his responses to the original motions (*see* Docs. 88, at 7–14; 89, at 14–15; 90, at 9–11; 91, at 5–6), he argues that the Court overlooked his position and/or relevant law, because the Court did not specifically address whether the Tenth Circuit's decisions in either *Robinson v. Moruffi*, 895 F.2d 649 (10th Cir. 1990) or *Cohen v. Clemens*, 321 F. App'x 739 (10th Cir. 2009) support the contention that *Heck* is applicable to Plaintiff's claims, or whether N.M. Stat. Ann. § 37-1-12 (1978) tolled the applicable statute of limitations. (Doc. 116, at 5–7, 11–15.)

#### 1. Neither *Cohen* nor *Robinson* are applicable to Plaintiff's claims.

Plaintiff contends "the [C]ourt missed the essential element of a 1983 malicious prosecution claim that the proceeding, whether it is criminal or civil, must finally terminate in Plaintiff's favor." (Doc. 116, at 5.) Plaintiff relies on the reasoning in *Heck* and its progeny to support his position. In *Heck*, the Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

512 U.S. at 486. As the Court noted previously, *Heck* "applies only to claims that would imply the invalidity of a criminal conviction or sentence." (*See, e.g.*, Doc. 112, at 6 (citing *Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 557 (10th Cir. 1999)).)

5

Plaintiff contends that *Cohen* extends *Heck* to claims like Plaintiff's. (Doc. 116, at 14.) Plaintiff quotes a sentence from *Cohen*—"the rule in *Heck* is not limited to claims challenging the validity of crimination convictions"—but fails to provide any context from the case. (*Id.* (quoting *Cohen*, 321 F. App'x at 742 (internal citations omitted)).) Cohen, "an alien detainee" bringing claims against federal officials pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and other federal statutes, alleged that the federal officials "falsified and failed to file immigration forms related to his pending immigration case, thereby causing him to be denied release on bond." *Cohen*, 321 F. App'x at 740–41. In discussing *Heck*'s reach, the Tenth Circuit cited a variety of cases that had applied *Heck*. *Id.* at 742 (quoting *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996) (per curiam) ("*Heck* applies to *Bivens* actions") (internal citation omitted); *Edwards v. Balisok*, 520 U.S. 641 (1997) ("applying *Heck* to a § 1983 claim challenging procedures used to deprive a prison inmate of good time credits"); *Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1137 (9th Cir. 2005) ("applying *Heck* to a § 1983 claim challenging civil commitment under California's Sexually Violent Predators Act"); *Hamilton v. Lyons*, 74 F.3d 99, 102–03 (5th Cir. 1996) ("applying *Heck* to a § 1983 claim challenging the coercive nature of a pretrial detainee's confinement prior to giving a statement regarding pending charges")). None of the cited cases are analogous to Plaintiff's.

Plaintiff also relies heavily on the Tenth Circuit's pre-*Heck* decision in *Robinson v. Moruffi*, 895 F.2d at 654–55. Plaintiff made essentially the same argument in his earlier responses to Defendants' motions. (*See* Docs. 88, at 8–9 (discussing *Robinson*); 89, at 15 (incorporating the section from Doc. 88 that references *Robinson*); 90, at 9 (incorporating the section from Doc. 88 that references *Robinson*); 91, at 5 (incorporating the section from Doc. 88 that references *Robinson*).)

6

In *Robinson*, the plaintiff brought a civil rights action against several defendants alleging a variety of claims, including malicious prosecution under § 1983. 895 F.2d at 650. The plaintiff, who had been charged with murder and armed robbery, had gone through two criminal jury trials: the first ended in convictions, which the New Mexico Supreme Court reversed "due to the prosecutor's improper examination and impeachment of an eyewitness"; the second ended in acquittal. *Id.* at 651–53 (citation omitted). The defendants argued that the plaintiff's malicious prosecution claim was barred by the applicable statute of limitations. *Id.* at 653–54 (citing *Wilson v. Garcia*, 471 U.S. 261, 280 (1985) ("§ 1983 actions best characterized as personal injury actions and subject to New Mexico three-year" statute of limitations); *aff'g Garcia v. Wilson*, 731 F.2d 640 (10th Cir. 1984); N.M. Stat. Ann. § 37-1-8 (1978)); *see also Varnell v. Dora Consol. Sch. Dist.*, 756 F.3d 1208, 1212 (10th Cir. 2014) ("The law was settled in *Wilson* that for § 1983 claims arising in New Mexico the limitations period is three years, as provided in New Mexico's statute of limitations for personal-injury claims") (citations omitted). The Tenth Circuit held that the plaintiff's claims did not accrue after the New Mexico Supreme Court's reversal of the first convictions, because he "remained subject to those serious charges and went on trial for his life again in October 1983 when the malicious prosecution conspiracy again resulted in presentation of the false case against him." *Robinson*, 895 F.2d at 654. The Tenth Circuit instead found that the plaintiff's claims accrued at the conclusion of the second trial, when he was acquitted. *Id.*

Plaintiff ignores the thread running through all of these cases—detention. *See also Crow*, 102 F.3d at 1087 (*Heck* applies to *Bivens* actions" as well as "to proceedings that call into question the fact or duration of parole or probation.") (citations omitted). The Tenth Circuit explained in *Butler v. Compton*, 482 F.3d 1277 (10th Cir. 2007),

> [t]he purpose behind *Heck* is to prevent litigants from using a § 1983 action, with its more lenient pleading rules, to challenge their conviction or sentence without

7

> complying with the more stringent exhaustion requirements for habeas actions. *See Muhammad v. Close*, 540 U.S. 749, 751–52 (2004) (per curiam). The starting point for the application of *Heck* then is the existence of an underlying conviction or sentence that is tied to the conduct alleged in the § 1983 action. In other words, a § 1983 action implicates *Heck* only as it relates to the conviction that it would be directly invalidating. There is no such conviction here.

482 F.3d at 1279. Similarly, there was no such conviction or detention for Dr. Turner.

Plaintiff advances the novel theory that because he *could have* faced a misdemeanor charge if he had not paid the fine levied by the BOL, his proceedings should be considered criminal, rather than civil. (Doc. 116, at 12 (discussing N.M. Stat. Ann. § 61-23-27.15E).) Plaintiff cites no controlling authority in support of this theory, and the Court is unpersuaded. As Plaintiff's claim follows civil proceedings that did not result in conviction, detention, commitment, or any criminal proceedings, neither *Heck*, *Cohen*, nor *Robinson* apply.

### 2. Section 37-1-12 does not toll the applicable statute of limitations.

Plaintiff next argues that N.M. Stat. Ann. § 37-1-12 tolls the applicable statute of limitations. (Doc. 116, at 115.) This section provides: "When the commencement of any action shall be stayed or prevented by injunction order or other lawful proceeding, the time such injunction order or proceeding shall continue in force shall not be counted in computing the period of limitation." N.M. Stat. Ann. § 37-1-12. Plaintiff contends that the statute of limitations should be tolled from the date he appealed the BOL's decision to the date the New Mexico Court of Appeals published its own opinion. (Doc. 116, at 115.) Plaintiff does not, however, explain or cite any authority to demonstrate that the proceedings in the district court or the court of appeals stayed or prevented him from filing his claims in this Court. *See Butler v. Deutsche Morgan Grenfell, Inc.*, 140 P.3d 532, 537 (N.M. Ct. App. 2006) (Section 37-1-12 "refers only to injunctions or other orders that preclude 'the commencement' of an action."). Presumably, Plaintiff would argue that *Heck*'s favorable termination rule prevented him from filing his claims here before the New

8

Mexico Court of Appeals' decision. The Court has already found that argument inapplicable. Consequently, Plaintiff fails to establish that § 37-1-12 tolled the statute of limitations.

**B.     The Court declines to address the balance of Plaintiff's Motion.**

In the third, fourth, and sixth sections of his Motion, Plaintiff contends that the Court erred in finding that he had failed to plead facts sufficient to state his claims pursuant to §§ 1983 and 1985. (Doc. 116, at 8–11, 15–18.) Because the Court reaffirms its decision that Plaintiff failed to file his claims within the applicable statute of limitations, these issues are moot.

In his seventh argument, it appears Plaintiff advances a new theory of recovery: a claim pursuant to *Bivens*, 403 U.S. 388. (Doc. 116, at 18–19.) The Court denies Plaintiff's Motion with respect to this last claim for at least three reasons. First, it is inappropriate to raise a new argument at this juncture. *See Jarita Mesa Livestock Grazing Ass'n*, 58 F. Supp. 3d at 1218; *see also Servants of Paraclete*, 204 F.3d at 1012 ("It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.") (citation omitted). Second, a *Bivens* action is a "private action for damages against *federal* officers alleged to have violated a citizen's constitutional rights." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001) (emphasis added) (holding that a plaintiff may not bring a *Bivens* action against private entities acting under color of federal law). Defendants are not federal officers, thus Plaintiff may not bring a *Bivens* claim against them. Finally, even if Plaintiff could bring a *Bivens* claim against these Defendants, "[a] *Bivens* action is subject to the limitation period for an action under 42 U.S.C. § 1983, and that limitation period is set by the personal injury statute in the state where the cause of action accrues." *Roberts v. Barreras*, 484 F.3d 1236, 1238 (10th Cir. 2007) (citations omitted). The Court has already found that Plaintiff's claim is barred by the applicable statute of limitations, hence any *Bivens* claim would also be barred.

**IV.     Conclusion**

The Court has reviewed the facts and the law in a light most favorable to Plaintiff and finds that Plaintiff has failed to establish that the Court previously misapprehended the facts, Plaintiff's position, or the controlling law.

**THEREFORE**,

**IT IS ORDERED** that Plaintiff's Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. Pro., Rule 59 (Doc. 116) is **DENIED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**